**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0242n.06

**No. 09-6324**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 20, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| STEPHEN W. GOULET, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GUY, BOGGS and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Stephen Goulet complains that the district court improperly increased his restitution when revoking his supervised release. Because his restitution remains unchanged, we affirm.

In 2005, Goulet pleaded guilty to failure to pay child support, *see* 18 U.S.C. § 228(a)(3), and received as his sentence three years of probation and an order of restitution for $35,173.93, the amount of child support he owed at the time. In 2009, the court revoked probation, finding he had willfully failed to keep up on his child support payments as required by the terms of the probation order. The court sentenced him to nine months of incarceration and twelve months of supervised release. Noting that, "[a]ccording to child support records, [Goulet] now owes $44,032.93," the court ordered as a condition of supervised release that Goulet "shall not incur credit charges or open

additional lines of credit without permission of the probation officer until the $44,032.93 has been paid in full." R.46 at 1, 4.

Goulet appeals, arguing that the court improperly increased his restitution to $44,032.93 and requesting that we "vacate the increase in restitution and let the original order stand." Goulet Br. at 14. Yet the district court's order noted only his increased state liability; it did not increase his federal liability. By also ordering that, during the twelve months of his supervised release, Goulet may not "incur credit charges or open additional lines of credit without permission of the probation officer" unless he pays off the full extent of the state liability, R.46 at 4, the court modified Goulet's conditions of supervised release, as it was entitled to do under 18 U.S.C. § 3565(a)(2), but did not make the increased amount a federal liability. Goulet does not contest the propriety of this condition of his supervised release—which is identical to a condition of his earlier probation except that his state liability has grown during that time—and we therefore have no ground to alter the district court's order.

For these reasons, we affirm.